```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION AT MEMPHIS
```

DOLLIE EZELL BRYAN, and      )
DAVID BRYAN,                 )
                             )
    Plaintiffs,              )
                             )
v.                           )      No. 07-2351-JPM/dkv
                             )
CIRCLE K STORES, INC.,       )
                             )
    Defendant.               )

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (Doc. 19), filed June 9, 2008. Plaintiffs filed their response in opposition (Doc. 20) on July 9, 2008. Defendant replied in support of its motion on July 28, 2008 (Doc. 211). The Court held a hearing in these matters on July 29, 2008. For the reasons discussed below, the Court DENIES Defendant's Motion for Summary Judgment.

**I. Background**

This personal injury case arises out of events of April 11, 2006. (Dollie Bryan Dep. (Doc. 19-4) at 18-19.) On that date, Plaintiff Dollie Ezell Bryan drove to the Circle K Stores, Inc. location ("the Circle K") at 829 Poplar Avenue in Collierville, Tennessee, to buy gasoline. She had purchased gasoline at that location at least once

every two weeks for the past twenty years. (Id.) As Ms. Bryan exited her car at the pump, she stepped in a slick area that caused her to slip and fall. (Id. at 21, 23.) After her fall, Ms. Bryan entered the store area of the Circle K to report the incident and obtain help. (Id. at 21.) While still inside the Circle K, Ms. Bryan called her husband, Plaintiff David Bryan, who came to the Circle K, moved Ms. Bryan's car from the pump area to another area of the Circle K, and transported Ms. Bryan to the emergency room. (Id. at 21-23.) As a result of her fall, Ms. Bryan sustained a cut on her left arm. (David Bryan Dep. (Doc. 19-5) at 14; Hancock Aff. (Doc. 20-4) at 2.)

There is no evidence that any person smelled or saw any substance on the ground near Ms. Bryan's car before or after her fall (Dollie Bryan Dep. 15-16, 28-30, & 35; David Bryan Dep. 13) except for the assistant manager, Erin Nicole Hancock, who examined the site of the fall and testified that "it appeared from the odor and texture that she slipped on some diesel fuel." (Hancock Aff. 2.) There is no evidence that any person has been able to identify from where the substance originated, how it arrived at the Circle K pump area, or how long it had been there before Ms. Bryan's fall. (Dollie Bryan Dep. 31-32, 35; David Bryan Dep. 13-14.) Plaintiffs assert that the substance

was either gasoline or oil because of its slickness and the smell of Ms. Bryan's shoe after her fall. (Dollie Bryan Dep. 23, 30-31, 86-87; David Bryan Dep. 14-15.) Plaintiffs filed this action for negligence against Circle K Stores, Inc. ("Circle K") on April 13, 2007, in the Circuit Court of Tennessee, seeking damages caused by injuries sustained as a result of Ms. Bryan's fall. (Compl. (Doc. 1-2).) Circle K filed a Notice of Removal to this Court on May 17, 2007. (Notice of Removal (Doc. 1-1).)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn

therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

In order for Plaintiffs to prevail on their claim of negligence, they must prove each of the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss;

(4) cause in fact; and (5) proximate, or legal, cause." McClung v. Delta Square Ltd. P'ship, 937 S.W.2d 891, 894 (Tenn. 1996)(citing McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995)). For an owner or operator of a premises to be held liable for negligence in allowing a dangerous or defective condition to exist on the premises, the plaintiff must also prove that (1) the condition was caused or created by the owner, operator, or his or her agents, or (2) if the condition was created by someone other than the owner, operator, or his or her agents, that the owner or operator had actual or constructive notice that the condition existed prior to the accident. Blair v. W. Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004)(citing Martin v. Washmaster Auto Ctr., U.S.A., 926 S.W.2d 314, 318 (Tenn. Ct. App. 1996); Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn. Ct. App. 1995)). In Tennessee, plaintiffs may prove that a premises owner had constructive notice of the presence of a dangerous condition by showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence. Id. at 765-66.

In this case, Plaintiffs have submitted the affidavits of Ms. Bryan, Ernest Dan Jennings and Erin Nicole Hancock in support of their contention that Defendant had

constructive notice of the oil and other fluid spills in the area surrounding the gasoline pumps at the Circle K. (Doc. 20, Exs. 2, 3, & 4.)  Jennings managed the Circle K from July 5, 2005 until the summer of 2006, during which time he observed that "it was a fact of life that there would be fluid spills from the vehicles and the accumulation of road film in the area around the pumps and parking area which would constitute a hazard."  (Jennings Aff. ¶ 5.)  Although Jennings was the manager of the Circle K on the date of Ms. Bryan's fall he was not present at that time.  (Hancock Aff. ¶ 2.)  Instead, Hancock, the assistant manager, was on duty at the time of Ms. Bryan's accident.  (Id.)  Hancock testified that "[a]s a result of the high traffic, there would be oil and fluid leaks from the cars which would accumulate where the cars park to get gas and in front of the store."  (Id. ¶ 3.)  According to Hancock, Circle K did not maintain "policies or checklists regarding dealing with the maintenance of the pump area and parking area."  (Id. ¶ 5.)  Hancock did not inspect the parking lot or pump area on a daily basis, but "would check the lot once every Sunday" for hazards and pressure wash the area every other month.  (Id. ¶ 6.)  Hancock testified that she "looked where [Ms. Bryan] fell and it appeared

6

from the odor and texture that she slipped on some diesel fuel," which the Circle K does not sell. (Id. ¶ 7.)

Defendant asserts that under the standard set forth by the Supreme Court of Tennessee in Blair v. West Town Mall, this evidence is insufficient to sustain a claim for premises liability. See 130 S.W.3d at 767. In Blair, a slip and fall case also alleging that a parking area fluid spill caused the plaintiff's injuries, the plaintiffs submitted "an affidavit from an automobile service consultant which alleged that motor vehicles commonly leak engine fluids when slowing down or stopping and that such leaks can create slick surfaces" to support their contention that the defendant could foresee that the vehicles it allowed to stop and unload at its entrances and exits would leak engine fluids that could cause a pedestrian to slip and fall. Id. at 763. After holding that this evidence was a permissible method of proof of constructive notice of a dangerous condition, the Tennessee Supreme Court went on to state that,

> We express no opinion as to whether Defendant in this case had constructive notice of the dangerous condition alleged by Plaintiff. Sufficient facts are not present in this record to determine whether the slick spot in the area of the parking lot where Plaintiff fell was part of a pattern of conduct, a recurring incident, or a general or continuing condition indicating the slick spot's existence.

Id. at 767.

Unlike the plaintiffs in Blair, Plaintiffs in this case have submitted evidence of a general condition indicating the presence of a dangerous condition at the Circle K. Viewing the facts in the light most favorable to the non-moving party, Plaintiffs have submitted testimony that oil and other fluid spills were a frequent occurrence at the Circle K and were often left unaddressed by Circle K management for long periods of time on or around the date of Ms. Bryan's accident. Even if Plaintiffs had not collected more supporting facts than were present in Blair, their claims would not be appropriate for dismissal. Blair did not hold, as Defendant suggests it did, that an affidavit supporting the inference of a general or continuing dangerous condition is insufficient to sustain a premises liability claim against a motion for summary judgment. Rather, the Blair court declined to make any determination as to the sufficiency of the evidence before them to establish constructive notice of a dangerous condition as a matter of law. Id. In this case, the Court need not decide whether or not Plaintiffs have established constructive notice of a dangerous condition because at summary judgment the Court only considers if Plaintiffs have created a genuine dispute of material fact. By

submitting the affidavits of Jennings and Hancock, Plaintiffs have met this burden.  Accordingly, the Court DENIES Defendant's Motion for Summary Judgment.[1]

**IV. Conclusion**

For the reasons discussed above, the Court DENIES Defendant's Motion for Summary Judgment in its entirety.

SO ORDERED this 25th day of August, 2008.

/s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[1] Defendant asserts, in the alternative, that Plaintiffs' claims should be dismissed because Ms. Bryan acted unreasonably when she stepped from her car without looking at or smelling the ground beneath her and was, therefore, at least fifty percent at fault for her injuries.  Defendant does not cite, and the Court cannot identify, any Tennessee law holding a slip and fall plaintiff unreasonable as a matter of law for failing to inspect the ground in the manner Defendant suggests.  Accordingly, the Court finds this alternative argument unavailing.